**FILED**

James J. Vilt Jr,
Clerk

September 21, 2023

U.S. District Court
Western District of Kentucky

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

UNITED STATES OF AMERICA                                          Plaintiff

v.                                         Criminal Action No. 4:22-cr-3-RGJ

CEDRIC SWANAGAN                                               Defendants
COURTLAND REED

* * * * *

**COURT'S JURY INSTRUCTIONS**

1

## INTRODUCTION

Members of the jury, now it is time for me to instruct you about the law that you must follow in deciding this case.  I will start by explaining your duties and the general rules that apply in every criminal case. Then I will explain some rules that you must use in evaluating testimony and evidence.  Then I will explain the elements, or parts, of the crimes that the defendants are accused of committing.  And last, I will explain the rules that you must follow during your deliberations in the jury room, and the possible verdicts that you may return.

Please listen very carefully to everything I say.  In addition, a full copy of these instructions will be available for each of you in the deliberation room.

## JURORS' DUTIES

You have two main duties as jurors.  Your first duty is to decide what the facts are from the evidence that you saw and heard here in court.  Deciding what the facts are is your job, not mine, and nothing that I have said or done during this trial was meant to influence your decision about the facts in any way.

Your second duty is to take the law that I give you, apply it to the facts, and decide if the government has proved the defendants guilty beyond a reasonable doubt.  It is my job to instruct you about the law, and you are bound by the oath you took at the beginning of the trial to follow the instructions I give you, even if you personally disagree with them.  This includes the instructions I gave you before and during the trial, and these instructions.  All the instructions are important, and you should consider them together as a whole.

The lawyers may have talked about the law during their opening and closing arguments or in their questioning of the witnesses.  But if what they said is different from what I say, you must follow what I say.  What I say about the law controls.

Perform these duties fairly.  Do not let any bias, sympathy, fear, or prejudice you may feel influence your decision in any way.

## PRESUMPTION OF INNOCENCE, BURDEN OF PROOF, REASONABLE DOUBT

As you know, the defendants have pleaded not guilty to the crimes charged in the indictment.  The indictment is not evidence of guilt.  It is just the formal way the government tells the defendants what crimes they are accused of committing.  It does not raise any suspicion of guilt.

Instead, the defendants start the trial with a clean slate, with no evidence at all against them, and the law presumes they are innocent.  This presumption of innocence stays with them unless the government presents evidence here in court that overcomes the presumption and convinces you beyond a reasonable doubt that they are guilty.

This means that the defendants have no obligation to present any evidence at all, or to prove to you in any way that they are innocent.  It is up to the government to prove that they are guilty, and this burden stays on the government from start to finish.  You must find the defendants not guilty unless the government convinces you beyond a reasonable doubt that they are guilty.

The government must prove every element of the crimes charged beyond a reasonable doubt.  Proof beyond a reasonable doubt does not mean proof beyond all possible doubt.  Possible doubts or doubts based purely on speculation are not reasonable doubts.  A reasonable doubt is a doubt based on reason and common sense.  It may arise from the evidence, the lack of evidence, or the nature of the evidence.

Proof beyond a reasonable doubt means proof which is so convincing that you would not hesitate to rely and act on it in making the most important decisions in your own lives.  If you are convinced that the government has proved the defendants guilty beyond a reasonable doubt, say so by returning a guilty verdict.  If you are not convinced, say so by returning a not guilty verdict.

## EVIDENCE DEFINED

You must make your decision based only on the evidence you saw and heard here in court. Do not let rumors, suspicions, or anything else you may have seen or heard outside of court influence your decision in any way.

The evidence in this case includes only what the witnesses said while they were testifying under oath; the exhibits that I allowed into evidence; and the stipulations that the lawyers agreed to.

Nothing else is evidence.  The lawyers' statements and arguments are not evidence.  Their questions and objections are not evidence.  My legal rulings are not evidence.  And my comments and questions are not evidence.

Make your decision based only on the evidence, as I have defined it here, and nothing else.

## CONSIDERATION OF EVIDENCE

You should use your common sense in weighing the evidence.  Consider it in light of your everyday experience with people and events, and give it whatever weight you believe it deserves.  If your experience tells you that certain evidence reasonably leads to a conclusion, you are free to reach that conclusion.

In our lives, we often look at one fact and conclude from it that another fact exists. In law we call this an "inference." A jury is allowed to make reasonable inferences, unless otherwise instructed.  Any inferences you make must be reasonable and must be based on the evidence in the case.

The existence of an inference does not change or shift the burden of proof from the government to the defendants.  The burden of proof remains on the government.

## DIRECT AND CIRCUMSTANTIAL EVIDENCE

Direct evidence is simply evidence, like the testimony of an eyewitness, that directly proves a fact.  If a witness testified that he saw it raining outside, and you believed him, that would be direct evidence that it was raining.

Circumstantial evidence is simply a chain of circumstances that indirectly proves a fact.  If someone walked into the courtroom wearing a raincoat covered with drops of water and carrying a wet umbrella, that would be circumstantial evidence from which you could conclude it was raining.

It is your job to decide how much weight to give the direct and circumstantial evidence. The law makes no distinction between the weight that you should give to either one, or say that one is any better evidence than the other.  You should consider all the evidence, both direct and circumstantial, and give it whatever weight you believe it deserves.

7

## CREDIBILITY OF WITNESSES

Another part of your job as jurors is to decide how credible or believable each witness was. This is your job, not mine.  It is up to you to decide if a witness's testimony was believable, and how much weight you think it deserves.  You are free to believe everything that a witness said, or only part of it, or none of it at all.  But you should act reasonably and carefully in making these decisions.

 Let me suggest some things for you to consider in evaluating each witness's testimony.

(1) Ask yourself if the witness was able to clearly see or hear the events.  Sometimes even an honest witness may not have been able to see or hear what was happening, and may make a mistake.

(2) Ask yourself how good the witness's memory seemed to be.  Did the witness seem able to accurately remember what happened?

(3) Ask yourself if there was anything else that may have interfered with the witness's ability to perceive or remember the events.

(4) Ask yourself how the witness acted while testifying.  Did the witness appear honest? Or did the witness appear to be lying?

(5) Ask yourself if the witness had any relationship to the government or the defendants, or anything to gain or lose from the case, that might influence the witness's testimony.  Ask yourself if the witness had any bias, or prejudice, or reason for testifying that might cause the witness to lie or to slant the testimony in favor of one side or the other.

(6) Ask yourself if the witness testified inconsistently while on the witness stand, or if the witness said or did something (or failed to say or do something) at any other time that is

8

inconsistent with what the witness said while testifying.  If you believe that the witness was inconsistent, ask yourself if this makes the witness's testimony less believable.  Sometimes it may; other times it may not.  Consider whether the inconsistency was about something important, or about some unimportant detail.  Ask yourself if it seemed like an innocent mistake, or if it seemed deliberate.

(7) And ask yourself how believable the witness's testimony was in light of all the other evidence.  Was the witness's testimony supported or contradicted by other evidence that you found believable?  If you believe a witness's testimony was contradicted by other evidence, remember people sometimes forget things, and even two honest people who witness the same event may not describe it exactly the same way.

These are only some of the things that you may consider in deciding how believable each witness was.  You may also consider other things that you think shed some light on the witness's believability.  Use your common sense and your everyday experience in dealing with other people.  And then decide what testimony you believe, and how much weight you think it deserves.

## NUMBER OF WITNESSES

One more point about the witnesses.  Sometimes jurors wonder if the number of witnesses who testified for a given party makes any difference.

Do not make any decisions based only on the number of witnesses who testified.  What is more important is how believable the witnesses were, and how much weight you think their testimony deserves.  Concentrate on that, not the number of witnesses.

## LAWYERS' OBJECTIONS

The lawyers for both sides objected to some of the things that were said or done during the trial.  Do not hold that against either side.  The lawyers have a duty to object whenever they think that something is not permitted by the rules of evidence. Those rules are designed to make sure that both sides receive a fair trial.

And do not interpret my rulings on their objections as any indication of how I think the case should be decided.  My rulings were based on the rules of evidence, not on how I feel about the case.  Remember that your decision must be based only on the evidence, as I have defined it, which you saw and heard here in court.

## CONSIDERATION OF ONLY CRIMES CHARGED

That concludes the part of my instructions explaining your duties and the general rules that apply in every criminal case.  In a moment, I will explain the elements of each of the crimes that each defendant is accused of committing.

But before discussing the elements of the specific crimes charged, I want to emphasize that the defendants are only on trial for the particular crimes charged in the indictment.  Your job is limited to deciding whether the government has proved the crime charged.

## SEPARATE CONSIDERATION OF EACH CHARGE—MULITPLE DEFENDANTS CHARGED WITH MULTIPLE CRIMES

Each defendant has been charged in Count 3 with Conspiracy to Possess with Intent to Distribute methamphetamine, and Count 4 with Possession with Intent to Distribute methamphetamine. But in our system of justice, guilt or innocence is personal and individual. It is your duty to separately consider the evidence against each defendant, and to return a separate verdict for each one of them. For each defendant, you must decide whether the government has presented evidence proving that particular defendant guilty beyond a reasonable doubt.

Additionally, the number of charges is not evidence of guilt, and this should not influence your decision in any way. It is your duty to separately consider the evidence that relates to each charge, and to return a separate verdict for each one. For each charge, you must decide whether the government has presented proof beyond a reasonable doubt that the defendant is guilty of that particular charge.

Your decision on one charge, whether it is guilty or not guilty, should not influence your decision on any of the other charges.

Now, I will explain the elements of the crimes that the defendants are accused of committing.

13

## DEFINITION OF THE CRIME

### Count 3: (Cedric Swanagan and Courtland Reed)
### CONSPIRACY TO POSSESS WITH INTENT TO DISTRIBUTE CONTROLLED SUBSTANCES

(1) Count 3 charges Cedric Swanagan and Courtland Reed with conspiracy to possess with intent to distribute 50 grams or more of methamphetamine, beginning on an unknown date, but at least as early as September 2021 and continuing up to and through on or about April 2, 2022.  It is a crime for two or more persons to conspire, or agree, to commit a drug crime, even if they never actually achieve their goal.

(2) A conspiracy is a kind of criminal partnership. For you to find the defendants guilty of the conspiracy charge, the government must prove each and every one of the following elements beyond a reasonable doubt:

    A.  First, that two or more persons conspired, or agreed, to possess with the intent to distribute methamphetamine.

    B.  Second, that the defendants knowingly and voluntarily joined the conspiracy.

(3) The government does not have to prove that the crime happened on the exact date charged.  But the government must prove that the crime happened reasonably close to that date.

(4) Now I will give you more detailed instructions on some of these terms.

14

**Count 3: AGREEMENT**

(A) With regard to the first element – a criminal agreement – the government must prove that two or more persons conspired, or agreed, to cooperate with each other to possess with the intent to distribute methamphetamine.

    (1) This does not require proof of any formal agreement, written or spoken. Nor does this require proof that everyone involved agreed on all the details. But proof that people simply met together from time to time and talked about common interests, or engaged in similar conduct, is not enough to establish a criminal agreement. These are things that you may consider in deciding whether the government has proved an agreement. But without more they are not enough.

    (2) What the government must prove is that there was a mutual understanding, either spoken or unspoken, between two or more people, to cooperate with each other to possess with the intent to distribute methamphetamine. This is essential.

    (3) An agreement can be proved indirectly, by facts and circumstances which lead to a conclusion that an agreement existed. But it is up to the government to convince you that such facts and circumstances existed in this particular case.

### Count 3: DEFENDANTS' CONNECTION TO CONSPIRACY

(B) With regard to the second element – the defendants' connection to the conspiracy – the government must prove that the defendants knowingly and voluntarily joined that agreement.

(1) The government must prove that the defendants knew the conspiracy's main purpose and voluntarily joined the conspiracy intending to help advance or achieve its goals. You must consider each defendant separately in this regard.

(2) This does not require proof that the defendants knew everything about the conspiracy, or everyone else involved, or that they were a member of it from the very beginning. Nor does it require proof that the defendants played a major role in the conspiracy, or that their connection to it was substantial. A slight role or connection may be enough.

(3) Further, this does not require proof that the defendants knew the drug involved was methamphetamine. It is enough that the defendants knew that it was some kind of controlled substance. Nor does this require proof that the defendants knew how much methamphetamine was involved. It is enough that the defendants knew that some quantity was involved.

(4) But proof that the defendants simply knew about a conspiracy, or were present at times, or associated with members of the group, is not enough, even if they approved of what was happening or did not object to it. Similarly, just because a defendant may have done something that happened to help a conspiracy does not necessarily make them a conspirator. These are all things that you may

16

consider in deciding whether the government has proved that the defendants joined a conspiracy.  But without more they are not enough.

(5) The defendants' knowledge can be proved indirectly by facts and circumstances which lead to a conclusion that they knew the conspiracy's main purpose.  But it is up to the government to convince you that such facts and circumstances existed in this particular case.

You must be convinced that the government has proved all of these elements beyond a reasonable doubt in order to find the defendants guilty of the conspiracy charge. If you have a reasonable doubt about any of these elements, then you must find the defendants not guilty of this charge.

**Count 3: UNINDICTED, UNNAMED, OR SEPARATELY TRIED CO-CONSPIRATORS**

Some of the people who may have been involved in these events are not on trial.  This does not matter.  There is no requirement that all members of a conspiracy be charged and prosecuted, or tried together in one proceeding.

Nor is there any requirement that the names of the other conspirators be known.  An indictment can charge the defendants with a conspiracy involving people whose names are not known, as long as the government can prove that the defendants conspired with one or more of them. Whether they are named or not does not matter.

## Count 3: UNANIMITY REQUIRED: DETERMINING AMOUNT OF CONTROLLED SUBSTANCE (§ 841)

The defendants are charged in Count 3 of the indictment with conspiracy to possess with the intent to distribute methamphetamine.  If you find the defendants guilty of this charge, you will then be asked to determine the quantity of the controlled substance involved in the conspiracy that was attributable to them as the result of their own conduct and the conduct of other co-conspirators that was reasonably foreseeable to them. You will be provided with a special verdict form for this purpose.

If you find by unanimous agreement that the government has proved beyond a reasonable doubt that a quantity of at least 50 grams of methamphetamine was attributable to the defendants as the result of their own conduct and the conduct of other co-conspirators that was reasonably foreseeable to them, then please indicate that finding on the special verdict form.

If you do not so find, you will then be asked to determine whether the government has proved a lesser quantity.  If you unanimously find that the government has proved beyond a reasonable doubt that a quantity of at least 5 grams of methamphetamine was attributable to the defendants as the result of their own conduct and the conduct of other co-conspirators that was reasonably foreseeable to them, then please indicate that finding on the special verdict form.

In determining the quantity of the controlled substance, you need not find that the defendants knew that their offense involved this quantity of drugs.

**Count 4 (Cedric Swanagan and Courtland Reed):**
**POSSESSION OF A CONTROLLED SUBSTANCE WITH INTENT TO DISTRIBUTE**
**(21 U.S.C. § 841(a)(1))**

(1) The defendants, Cedric Swanagan and Courtland Reed, are charged with the crime of possession of methamphetamine with intent to distribute. Methamphetamine is a controlled substance. For you to find the defendants guilty of this crime, you must find that the government has proved each and every one of the following elements beyond a reasonable doubt.

    (A) First, the defendants knowingly or intentionally possessed methamphetamine.

    (B) Second, the defendants intended to distribute the methamphetamine.

(2) Now I will give you more detailed instructions on some of these terms.

    (A) To establish actual possession, the government must prove that the defendants had direct, physical control over the methamphetamine, and knew that they had control over it.  But understand that just being present where something is located does not equal possession.  The government must prove that the defendants had possession of the methamphetamine, and knew that they did, for you to find them guilty of this crime. This, of course, is all for you to decide.

    (B) To establish constructive possession, the government must prove that the defendants had the right to exercise physical control over the methamphetamine, and knew that they had this right, and that they intended to exercise physical control over the methamphetamine at some time, either directly or through other persons.

20

(C) One more thing about possession. The government does not have to prove that the defendants were the only ones who had possession of the methamphetamine. Two or more people can together share actual or constructive possession over property. And if they do, both are considered to have possession as far as the law is concerned. But remember that just being present with others who had possession is not enough to convict. The government must prove that the defendants had either actual or constructive possession of the methamphetamine, and knew that they did, for you to find them guilty of this crime. This, again, is all for you to decide.

(D) To prove that the defendants "knowingly" possessed the methamphetamine, the defendants did not have to know that the substance was methamphetamine. It is enough that the defendants knew that it was some kind of controlled substance. Further, the defendants did not have to know how much methamphetamine they possessed. It is enough that the defendants knew that they possessed some quantity of methamphetamine.

(E) The phrase "intended to distribute" means the defendants intended to deliver or transfer a controlled substance sometime in the future. The term distribute includes the actual, constructive, or attempted transfer of a controlled substance. To distribute a controlled substance, there need not be an exchange of money.

(3) In determining whether the defendants had the intent to distribute, you may consider all the facts and circumstances shown by the evidence, including the defendants' words and actions. Intent to distribute can be inferred from the possession of a large quantity of drugs, too large for personal use alone. You may also consider the estimated street value of the drugs, the purity of the

21

drugs, the manner in which the drugs were packaged, the presence or absence of a large amount of cash, the presence or absence of weapons, and the presence or absence of equipment used for the sale of drugs. The law does not require you to draw such an inference, but you may draw it.

(4) If you are convinced that the government has proved all of these elements, say so by returning a guilty verdict on this charge. If you have a reasonable doubt about any one of these elements, then you must find the defendants not guilty of this charge.

## Count 4: AIDING AND ABETTING

(1) For you to find the defendants guilty of possession with intent to distribute methamphetamine, it is not necessary for you to find that they personally committed the crime. You may also find them guilty if they intentionally helped someone else to commit the crime. A person who does this is called an aider and abettor.

(2) But for you to find the defendants guilty of possession with intent to distribute methamphetamine as an aider and abettor, you must be convinced that the government has proved each and every one of the following elements beyond a reasonable doubt:

(A) First, that the crime of possession with intent to distribute methamphetamine was committed.

(B) Second, that the defendants helped to commit the crime.

(C) And third, that the defendants intended to help commit the crime.

(3) Proof that the defendants may have known about the crime, even if they were there when it was committed, is not enough for you to find them guilty. You can consider this in deciding whether the government has proved that each defendant was an aider and abettor, but without more it is not enough.

(4) What the government must prove is that the defendants did something to help the crime with the intent that the crime be committed.

(5) If you are convinced that the government has proved all of these elements, say so by returning a guilty verdict on this charge. If you have a reasonable doubt about any one of these elements, then you cannot find the defendants guilty of possession with intent to distribute methamphetamine as an aider and abettor.

## INFERRING REQUIRED MENTAL STATE

Next, I want to explain something about proving a defendant's state of mind.

Ordinarily, there is no way that a defendant's state of mind can be proved directly because no one can read another person's mind and tell what that person is thinking.

But a defendant's state of mind can be proved indirectly from the surrounding circumstances. This includes things like what the defendants said, what the defendants did, how the defendants acted, and any other facts or circumstances in evidence that show what was in the defendants' mind.

You may also consider the natural and probable results of any acts that the defendants knowingly did or did not do, and whether it is reasonable to conclude that the defendant intended those results. This, of course, is all for you to decide.

## DEFENDANTS' ELECTON NOT TO TESTIFY

A defendant has an absolute right not to testify or present evidence.  The fact that the defendants did not testify or present evidence cannot be considered by you in any way.  Do not even discuss it in your deliberations.

Remember that it is up to the government to prove the defendants guilty beyond a reasonable doubt.  It is not up to the defendants to prove that they are innocent.

## A WITNESS TESTIFYING TO BOTH FACTS AND OPINIONS

You have heard the testimony of Pete Glogoza, Layne Higgins, Aurelia Holifield, Randi Cantrell, Hunter Hinton, Nick Wellman, Kristen Dirickson, Benjamin Fleury, James Budde, Nicole Toliver, and Birdie Lawless (Philips) who testified to both facts and opinions. Each of these types of testimony should be given the proper weight.

As to the testimony on facts, consider the factors discussed earlier in these instructions for weighing the credibility of witnesses.

As to the testimony on opinions, you do not have to accept these witnesses' opinions. In deciding how much weight to give it, you should consider the witness's qualifications and how he or she reached their conclusions along with the other factors discussed in these instructions for weighing the credibility of witnesses.

Remember that you alone decide how much of a witness's testimony to believe, and how much weight it deserves.

## OPINION TESTIMONY

You have heard the testimony of Cliff Simpson, who testified as an opinion witness.

You do not have to accept Cliff Simpson's opinion. In deciding how much weight to give it, you should consider the witness's qualifications and how he reached his conclusions. Also consider the other factors discussed in these instructions for weighing the credibility of witnesses.

Remember that you alone decide how much of a witness's testimony to believe, and how much weight it deserves.

## DELIBERATIONS AND VERDICT

Now let me finish up by explaining some things about your deliberations in the jury room, and your possible verdicts.

The first thing you should do in the jury room is choose someone to be your foreperson. This person will help to guide your discussions, and will speak for you here in court.

Once you start deliberating, do not talk to the Court Security Officer, or to me, or to anyone else except each other about the case.  If you have any questions or messages, you must write them down on a piece of paper, sign them, and then give them to the Court Security Officer.  The officer will give them to me, and I will respond as soon as I can.  I may have to talk to the lawyers about what you have asked, so it may take me some time to get back to you.  Any questions or messages normally should be sent to me through your foreperson.

 One more thing about messages.  Do not ever write down or tell anyone, including me, how you stand on your votes.  For example, do not write down or tell anyone that you are split 6-6, or 8-4, or whatever your vote happens to be.  That should stay secret until you are finished.

## RESEARCH, INVESTIGATION, AND OUTSIDE COMMUNICATIONS

Remember that you must make your decision based only on the evidence that you saw and heard here in court.

During your deliberations, you must not communicate with or provide any information to anyone by any means about this case. You may not use any electronic device or media, such as a telephone, cell phone, smart phone, iPhone, or computer, the Internet, any Internet service, or any text or instant messaging service, any Internet chat room, blog, or website such as Facebook, LinkedIn, YouTube or X (formerly known as Twitter), to communicate to anyone any information about this case or to conduct any research about this case until I accept your verdict. In other words, you cannot talk to anyone on the phone, correspond with anyone, or electronically communicate with anyone about this case. You can only discuss the case in the jury room with your fellow jurors during deliberations. I expect you will inform me as soon as you become aware of another juror's violation of these instructions.

You may not use these electronic means to investigate or communicate about the case because it is important that you decide this case based solely on the evidence presented in this courtroom. Information on the Internet or available through social media might be wrong, incomplete, or inaccurate. You are only permitted to discuss the case with your fellow jurors during deliberations because they have seen and heard the same evidence you have. In our judicial system, it is important that you are not influenced by anything or anyone outside of this courtroom. Otherwise, your decision may be based on information known only by you and not your fellow jurors or the parties in the case. This would unfairly and adversely impact the judicial process. A

juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial

could result, which would require the entire trial process to start over.

## UNANIMOUS VERDICT

Your verdict, whether it is guilty or not guilty, must be unanimous.

To find the defendants guilty, every one of you must agree that the government has overcome the presumption of innocence with evidence that proves their guilt beyond a reasonable doubt.

To find the defendants not guilty, every one of you must agree that the government has failed to convince you beyond a reasonable doubt.

Either way, guilty or not guilty, your verdict must be unanimous.

## DUTY TO DELIBERATE

Now that all the evidence is in and the arguments are completed, you are free to talk about the case in the jury room.  In fact, it is your duty to talk with each other about the evidence, and to make every reasonable effort you can to reach unanimous agreement.  Talk with each other, listen carefully and respectfully to each other's views, and keep an open mind as you listen to what your fellow jurors have to say.  Try your best to work out your differences.  Do not hesitate to change your mind if you are convinced that other jurors are right and that your original position was wrong.

But do not ever change your mind just because other jurors see things differently, or just to get the case over with.  In the end, your vote must be exactly that—your own vote.  It is important for you to reach unanimous agreement, but only if you can do so honestly and in good conscience.

No one will be allowed to hear your discussions in the jury room, and no record will be made of what you say.  So you should all feel free to speak your minds.

Listen carefully to what the other jurors have to say, and then decide for yourself if the government has proved the defendants guilty beyond a reasonable doubt.

**JUROR NOTES**

Remember that if you elected to take notes during the trial, your notes should be used only as memory aids.  You should not give your notes greater weight than your independent recollection of the evidence.  You should rely upon your own independent recollection of the evidence or lack of evidence and you should not be unduly influenced by the notes of other jurors. Notes are not entitled to any more weight than the memory or impression of each juror.

Whether you took notes or not, each of you must form and express your own opinion as to the facts of the case.

**PUNISHMENT**

If you decide that the government has proved the defendants guilty, then it will be my job to decide what the appropriate punishment should be.

Deciding what the punishment should be is my job, not yours.  It would violate your oaths as jurors to even consider the possible punishment in deciding your verdict.

## VERDICT FORM

When you go to the jury room you should first select one of your members to act as your foreperson. The foreperson will preside over your deliberations and will speak for you here in court.

A form of verdict has been prepared for your convenience.

You will take the verdict form to the jury room when you have reached unanimous agreement you will have your foreperson fill in the verdict form, date and sign it, and notify the Court Security Officer.

**COURT HAS NO OPINION**

Let me finish up by repeating something that I said to you earlier.  Nothing that I have said or done during this trial was meant to influence your decision in any way.  You decide for yourselves if the government has proved the defendants guilty beyond a reasonable doubt.

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

UNITED STATES OF AMERICA                                    Plaintiff

v.                                          Criminal Action No. 4:22-cr-3-RGJ

CEDRIC SWANAGAN                                              Defendants
COURTLAND REED

### VERDICT FORM

### Count 3 (Cedric Swanagan):
### CONSPIRACY TO POSSESS WITH INTENT TO DISTRIBUTE CONTROLLED
### SUBSTANCES

Question 1.  With respect to the charge in Count 3, Conspiracy to Possess with Intent to

Distribute methamphetamine, we, the jury, find the defendant, Cedric Swanagan:


GUILTY_____          NOT GUILTY_____



_____     _____
Foreperson                    Juror No.


Date: _____


If you find Cedric Swanagan not guilty, do not consider Question 1(a), and move on to the

next verdict form.

If you answered guilty in response to Question 1, proceed to Question 1(a).

1

Question 1(a).  With respect to Count 3, the amount of methamphetamine that was attributable to defendant Cedric Swanagan, as the result of his own conduct and the conduct of other co-conspirators reasonably foreseeable to him was (indicate answer by checking one line below):

_____ 50 grams or more

_____ at least 5 grams but less than 50 grams

_____ less than 5 grams


_____      _____

Foreperson                                          Juror No.


Date: _____

2

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

UNITED STATES OF AMERICA                                    Plaintiff

v.                                         Criminal Action No. 4:22-cr-3-RGJ

CEDRIC SWANAGAN                                            Defendants
COURTLAND REED

**VERDICT FORM**

**Count 3 (Courtland Reed):**
**CONSPIRACY TO POSSESS WITH INTENT TO DISTRIBUTE CONTROLLED**
**SUBSTANCES**

Question 1.  With respect to the charge in Count 3, Conspiracy to Possess with Intent to Distribute methamphetamine, we, the jury, find the defendant, Courtland Reed:

GUILTY_____          NOT GUILTY_____

_____          _____
Foreperson                               Juror No.

Date: _____

If you find Courtland Reed not guilty, do not consider Question 1(a), and move on to the next verdict form.

If you answered guilty in response to Question 1, proceed to Question 1(a).

3

Question 1(a).  With respect to Count 3, the amount of methamphetamine that was attributable to defendant Courtland Reed as the result of his own conduct and the conduct of other co-conspirators reasonably foreseeable to him was (indicate answer by checking one line below):

_____ 50 grams or more

_____ at least 5 grams but less than 50 grams

_____ less than 5 grams

_____     _____

Foreperson                                              Juror No.


Date: _____

4

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

UNITED STATES OF AMERICA                                    Plaintiff

v.                                        Criminal Action No. 4:22-cr-3-RGJ

CEDRIC SWANAGAN                                            Defendants
COURTLAND REED

**VERDICT FORM**

**Count 4 (Cedric Swanagan):**
**POSSESSION OF A CONTROLLED SUBSTANCE WITH INTENT TO DISTRIBUTE**
**(21 U.S.C. § 841(a)(1))**

Question 1.  With respect to the charge in Count 4, Possession with Intent to Distribute methamphetamine, we, the jury, find the defendant, Cedric Swanagan:

GUILTY_____          NOT GUILTY_____


_____   _____
Foreperson                                    Juror No.


Date: _____

If you find Cedric Swanagan not guilty, do not consider Question 1(a), and move on to the next verdict form.

If you answered guilty in response to Question 1, proceed to Question 1(a).

5

Question 1(a).  With respect to Count 4, the amount of the mixture of substance containing a detectable amount of methamphetamine attributable to Cedric Swanagan was (indicate answer by checking one line below):

_____ 50 grams or more

_____ at least 5 grams but less than 50 grams

_____ less than 5 grams


_____       _____

Foreperson                                                      Juror No.


Date: _____

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

UNITED STATES OF AMERICA                                        Plaintiff

v.                                          Criminal Action No. 4:22-cr-3-RGJ

CEDRIC SWANAGAN                                                Defendants
COURTLAND REED

### VERDICT FORM

**Count 4 (Courtland Reed):**
**POSSESSION OF A CONTROLLED SUBSTANCE WITH INTENT TO DISTRIBUTE**
**(21 U.S.C. § 841(a)(1))**

Question 1.  With respect to the charge in Count 4, Possession with Intent to Distribute methamphetamine, we, the jury, find the defendant, Courtland Reed:


GUILTY_____          NOT GUILTY_____



_____          _____
Foreperson                                Juror No.


Date: _____


If you find Courtland Reed not guilty, do not consider Question 1(a), and move on to the next verdict form.

If you answered guilty in response to Question 1, proceed to Question 1(a).

7

Question 1(a).  With respect to Count 4, the amount of the mixture of substance containing a detectable amount of methamphetamine attributable to Courtland Reed was (indicate answer by checking one line below)

_____ 50 grams or more

_____ at least 5 grams but less than 50 grams

_____ less than 5 grams

_____          _____
Foreperson                                                         Juror No.


Date: _____

8