UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

UNITED STATES OF AMERICA                                    Plaintiff

v.                                         Criminal Action No. 4:22-cr-3-RGJ

CEDRIC SWANAGAN                                          Defendants
COURTLAND REED

* * * * *

**JURY INSTRUCTIONS-PHASE II**

FILED
JAMES J. VILT, JR. - CLERK
SEP 21 2023
U.S. DISTRICT COURT
WEST'N. DIST. KENTUCKY

1

## INTRODUCTION

Members of the jury, you have found Cedric Swanagan and Courtland Reed guilty of the crimes alleged in the indictment, and those findings remain in place.  Now, there are additional questions you must consider.

All of my previous instructions explaining your duties, the general rules that apply in every criminal case, rules you must use in evaluating testimony evidence, rules you must use during deliberations in the jury verdict, and the possible verdicts you may return, also apply to your determination of the additional questions. You still have those instructions in hand.

## INSTRUCTION – CEDRIC SWANAGAN

The indictment alleges that Cedric Swanagan, before committing the offenses of Conspiracy to Possess with the Intent to Distribute a Controlled Substance and Possession with Intent to Distribute Methamphetamine, was previously convicted of a drug felony. The alleged prior drug felony conviction is:

Daviess County (Kentucky) Indictment No. 08-CR-545, Trafficking in a Controlled Substance in the First Degree – Schedule II (Cocaine).

You must decide three questions with respect to the prior conviction. The United States has the burden of convincing you, beyond a reasonable doubt, that the answer to each question is "Yes." If the United States fails in its burden on a question, you must answer that question "No."

The questions as to a conviction of Cedric Swanagan are:

1. Was the Defendant, Cedric Swanagan, on or about March 6, 2009, convicted of the offense of Trafficking in a Controlled Substance in the First Degree – Schedule II (Cocaine) before the Daviess County (Kentucky) Circuit Court under Indictment No. 08-CR-545?

2. Did the Defendant, Cedric Swanagan, serve a term of imprisonment of more than twelve months on his conviction in 08-CR-545? A term of imprisonment is the period of actual confinement served relating to the conviction.

3. Was the Defendant, Cedric Swanagan, released from the term of imprisonment on his conviction in 08-CR-545 within fifteen (15) years of the date of the crimes charged in the indictment, which occurred no earlier than September of 2021 and no later than August 4, 2022?

As already instructed, the United States has the burden of convincing you on each question, and to answer "Yes," you must find that the United States has proved the issue beyond a reasonable doubt.

3

## INSTRUCTION - COURTLAND REED

The indictment alleges that Courtland Reed, before committing the offenses of Conspiracy to Possess with the Intent to Distribute a Controlled Substance and Possession with Intent to Distribute Methamphetamine, was previously convicted of a drug felony. The alleged prior drug felony convictions are:

> Daviess County (Kentucky) Indictment No. 17-CR-0482, Trafficking in Marijuana, Less than 8 ounces, second offense while in possession of a firearm.

> Daviess County (Kentucky) Indictment No. 09-CR-0496, Burglary in the First Degree.

You must decide three questions with respect to the prior conviction. The United States has the burden of convincing you, beyond a reasonable doubt, that the answer to each question is "Yes." If the United States fails in its burden on a question, you must answer that question "No."

> The questions as to the first conviction of Courtland Reed are:

> 1. Was the Defendant, Courtland Reed, on or about August 28, 2018, convicted of the offense of trafficking in marijuana, less than 8 ounces, second offense while in possession of a firearm, before the Daviess County (Kentucky) Circuit Court under Indictment No. 17-CR-0482?

> 2. Did the Defendant, Courtland Reed, serve a term of imprisonment of more than twelve months on his conviction in 17-CR-0482? A term of imprisonment is the period of actual confinement served relating to the conviction.

> 3. Was the Defendant, Courtland Reed, released from the term of imprisonment on his conviction in 17-CR-0482 within fifteen (15) years of the date of the crimes charged in the indictment, which occurred no earlier than September of 2021 and no later than August 4, 2022?

The questions as to the second conviction of Courtland Reed are:

4

1. Was the Defendant, Courtland Reed, on or about January 24, 2011, convicted of burglary in the first degree, before the Daviess County (Kentucky) Circuit Court under Indictment No. 09-CR-0496?

2. Did the Defendant, Courtland Reed, serve a term of imprisonment of more than twelve months on his conviction in 09-CR-0496? A term of imprisonment is the period of actual confinement served relating to the conviction.

3. Was the Defendant, Courtland Reed, released from the term of imprisonment on his conviction in 09-CR-0496 within fifteen (15) years of the date of the crimes charged in the indictment, which occurred no earlier than September of 2021 and no later than August 4, 2022?

As already instructed, the United States has the burden of convincing you on each question, and

to answer "Yes," you must find that the United States has proved the issue beyond a reasonable

doubt.

5

## DELIBERATIONS

You may now retire to deliberate, consistent with my prior Instructions, which you still have in hand. You will receive these instructions and a new verdict form which states the questions to be answered.

If you decide that the Government has proved beyond a reasonable doubt that the answer to a given question is "Yes," say so by having your foreperson mark the appropriate place on the form as to that question.

If you decide that the Government has not proved beyond a reasonable doubt that the answer to a question is "Yes," say so by having your foreperson mark "No" on the form as to that question.

Answer each listed question. Your foreperson should then sign and date the form in the spaces indicated. Once you have completed, signed, and dated the verdict form, alert the Court Security Officer that you have a verdict.

6